UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEBORAH ROBERSON,

        Plaintiff,

v.

HELP AT HOME, LLC,

        Defendant.

Case No. 1:22-cv-299

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Help at Home, LLC ("Help at Home"), by its attorneys, provides notice of removal of this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division.

### I. Plaintiff's Complaint and Procedural Background

1. On December 16, 2021, Plaintiff Deborah Roberson ("Plaintiff") filed a Complaint in the Circuit Court of Cook County, Illinois styled *Deborah Roberson v. Help at Home, LLC*, No. 2021-L-012568 ("Complaint"). Plaintiff's Complaint named Help at Home as a defendant, and was served on Help at Home on December 20, 2021. A copy of all process, pleadings, and orders served upon Help at Home with respect to this action are attached as Exhibit A to the Declaration of Michael J. Roman ("Roman Dec."), attached hereto as Exhibit 1.

2. A true and correct copy of the Circuit Court of Cook County docket report as of January 18, 2022 is attached as Exhibit B to the Declaration of Michael J. Roman, Ex. 1.

1

All pleadings filed in the Circuit Court of Cook County files as of January 18, 2022 are included in Exhibit A of the Declaration of Michael J. Roman, Exhibit 1.

    3.    Plaintiff's Complaint alleges three causes of action against Help at Home related to her employment with the company:

> Count I:    Violations of Illinois Human Rights Act ("IHRA"), 775 ILCS § 5/1 *et seq.*, for sex harassment based on a hostile work environment ("First Cause of Action");
>
> Count II:    Violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, for sex harassment based on a hostile work environment ("Second Cause of Action");
>
> Count III:    Violations of the Illinois Gender Violence Act ("IGVA"), 740 ILCS § 82/1 *et seq.* for perpetuating gender-based battery ("Third Cause of Action").

*See* Complaint at ¶¶ 23-49, included in Exhibit A to Roman Dec., Ex. 1.

    4.    Plaintiff's First, Second and Third Causes of Action are premised on the same operative factual allegations, namely that: (i) "[i]n late October 2020, [Plaintiff] started working for Help at Home, LLC" (*id.* ¶ 6); (ii) "[o]n March 19, 2021, [Plaintiff] was assigned to start working in a new home" (*id.* ¶ 7); (iii) [f]rom [Plaintiff's] second day at the home through her last day there (April 30, 2021), [Help at Home's client] sexually harassed her, physically and verbally" (*id.* ¶ 11); and that "[n]o one from Help at Home did anything to stop the harassment." *Id.* ¶ 18.

    5.    Based on these and other allegations, Plaintiff asserts claims for malicious and reckless violations of Title VII, willful and wanton violations of the IHRA, violations of the IGVA, and seeks compensatory and punitive damages for each alleged violation. *See id.* ¶¶ 31-33, 40-42, 47-48; *see also id.*, Prayers for Relief at pp. 3-5.

### III. Removal is Proper Under Federal Question Jurisdiction

9. This Court has original jurisdiction under 28 U.S.C. § 1331 because this case involves a question of federal law, specifically Plaintiff alleges in her Second Cause of Action claims for sex harassment based on a hostile work environment under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. *See* Compl. ¶¶ 35-43, Ex. 1-A.

10. District courts have jurisdiction over Title VII claims if a plaintiff first files a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), she receives a right-to-sue letter from the EEOC, and she files suit within 90 days of receiving the right-to-sue. 42 U.S.C. § 2000e-5(e)-(f).

11. Plaintiff alleges that she "exhausted her administrative remedies under Title VII; her IDHR charge was cross-filed with the EEOC; she received the right-to-sue from the EEOC on or about November 26, 2021; and she is filing this lawsuit within 90 days thereof." *Id.* ¶ 43. Plaintiff, therefore, has alleged she complied with the conditions precedent to filing her Title VII claims in court, and this Court has federal question jurisdiction over them. 28 U.S.C. § 1331.

12. Federal and state courts have concurrent jurisdiction over Title VII claims, thus a plaintiff may file in either court "and a defendant can remove the complaint to federal court." *Donnelly v. Yellow Freight System, Inc.*, 874 F.2d 402, 408 (7th Cir. 1989), *aff'd* 494 U.S. 820 (1990).

13. Removal is therefore proper under 28 U.S.C. § 1441(a) because the Court has federal question jurisdiction over Plaintiff's Title VII claims alleged in the Second Cause of Action of her Complaint.

## II. This Court Has and Should Assert Supplemental Jurisdiction Over Counts I and III of Plaintiff's Complaint

14. Under 28 U.S.C. § 1367(a), "once a district court acquires jurisdiction over a claim, it acquires jurisdiction ("supplemental jurisdiction") over closely related claims even if they are based on state law." *Townsquare Media, Inc. v. Brill*, 652 F.3d 767, 771 (7th Cir. 2011); *see also* 28 U.S.C. § 1367(a).

15. Plaintiff alleges in Count I of her Complaint claims for sex harassment based on a hostile work environment under the Illinois Human Rights Act, 775 ILCS § 5/1 *et seq.*. Compl. ¶¶ 23-34, Ex. 1-A. Plaintiff's IHRA claims in Count I are premised on the same underlying facts as her Title VII claims in Count II, primarily that a Help at Home client sexually harassed her while she was working for Help at Home, and the company did nothing to stop the harassment. *See supra,* ¶ 4.

16. The IHRA vests the Illinois Human Rights Commission with exclusive jurisdiction over claims brought under the IHRA. 775 ILCS § 5/8-111(C)(2); *see also* 775 ILCS § 5/8-111(D). "The state jurisdictional requirements, however, do not govern the scope of a federal court's subject-matter jurisdiction." *Rodriguez v. Cook County, Ill.*, 664 F. 3d 627, 632 (7th Cir. 2011). Nonetheless, here Plaintiff has alleged that she properly opted out of the investigatory proceedings before the Illinois Department on Human Rights, so any court of competent jurisdiction may hear her claims. 775 ILCS § 5/7A-102(C-1); *see also* Compl. ¶ 34.

17. Federal and state courts in Illinois evaluate employment discrimination claims under IHRA and Title VII by the same standards and in tandem. *Spencer v. Austin*, No. 19 C 7404, 2021 U.S. Dist. LEXIS 185422, at *14 (N.D. Ill. Sep. 28, 2021) (citing *Volling v. Kurtz Paramedic Servs., Inc.*, 840 F.3d 378, 383 (7th Cir. 2016)). Plaintiff's IHRA claims in Count I are closely related to her Title VII claims in Count II, both factually and legally, and this

Court therefore has supplement jurisdiction over Count I of Plaintiff's Complaint. 28 U.S.C. § 1367(a).

18. Plaintiff's claims under the Illinois Gender Violence Act in Count III of her Complaint are also closely related to her Title VII and IHRA claims. *See* Compl. ¶¶ 44-45, Ex. 1-A (incorporating into Count III her facts in support of her Title VII and IHRA claims in Counts II and I, respectively). To prove a claim under the IGVA, a plaintiff must show that she suffered from gender-related violence that meets the criminal elements of battery. 740 ILCS § 82/5; *see also Mundo v. City of Chicago*, 2021 U.S. Dist. LEXIS 144944, * 11 (N.D. Ill. August 31, 2021).

19. Plaintiff here alleges that "[f]rom [Plaintiff's] second day at the home through her last day there (April 30, 2021), [Help at Home's client] sexually harassed her, physically and verbally," (Compl. ¶ 11), and that the client was charged with criminal battery stemming from the April 30, 2021 sexual harassment. Compl. ¶ 19. The sexual harassment that formed the basis for criminal charges giving rise to civil claims under the IGVA is the same harassment underlying Plaintiff's IHRA and Title VII, thus all of Plaintiff's claims are closely related, and this Court has supplemental jurisdiction over Counts I and III of Plaintiff's Complaint. 28 U.S.C. § 1367(a).

### III. Compliance with Removal Statute

20. This Notice of Removal was properly filed in the United States District Court for the Northern District of Illinois, because the Circuit Court of Cook County, Illinois is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

21. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

5

22. The Complaint was served on Help at Home on December 20, 2021. Roman Dec., Ex. 1-A. Accordingly, this Notice of Removal is timely filed within 30 days of service of the Complaint, pursuant to 28 U.S.C. § 1446(b).

23. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Help at Home, as well as all those filed in this action, are attached as Exhibits A to the Declaration of Michael J. Roman, Ex. 1.

24. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois today.

25. Help at Home is the only named defendant in this lawsuit. Help at Home consents to removal of this action.

### IV. Conclusion

26. Defendant Help at Home, LLC respectfully requests this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois.

Dated: January 19, 2022                               Respectfully submitted,

                                                /s/ Michael J. Roman

                                      Siobhán M. Murphy
                                      Michael J. Roman
                                      LEWIS BRISBOIS BISGAARD & SMITH LLP
                                      550 W. Adams St., Ste. 300
                                      Chicago, Illinois 60661
                                      siobhan.murphy@lewisbrisbois.com
                                      michael.roman@lewisbrisbois.com
                                      Phone: (312) 345-1718

>Alishba N. Malik
>LEWIS BRISBOIS BISGAARD & SMITH LLP
>1 International Pl.
>Boston, MA 02110
>alishba.malik@lewisbrisbois.com
>Phone: (857) 313-3950
>
>*Counsel for Defendant Help at Home, LLC*

## **CERTIFICATE OF SERVICE**

      The undersigned attorney certifies under penalty of perjury as provided by law that on January 19, 2022, he caused to be filed a true and correct copy of the foregoing *Notice of Removal* using the Northern District of Illinois CM/ECF system, and thereafter will serve upon counsel listed below file-stamped copies of the same, by email.

    Julie O. Herrera
    LAW OFFICE OF JULIE O. HERRERA
    159 N. Sangamon Street Suite 200
    Chicago IL 60607
    jherrera@julieherreralaw.com

    *Counsel for Plaintiff Deborah Roberson*

                                                      /s/ Michael J. Roman