UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DEBORAH ROBERSON, <br><br> Plaintiff, <br><br> v. <br><br> HELP AT HOME, LLC, <br><br> Defendant. | Case No. 1:22-cv-299 <br><br> Hon. John F. Kness <br><br> Hon. Sheila M. Finnegan, Magistrate |

**Plaintiff's Response in Opposition to Defendant's Motion to Dismiss**

Plaintiff submits this brief, by and through her attorneys, in opposition to Defendant's Motion to Dismiss Count III of Plaintiff's Complaint.

Introduction

Plaintiff's Count III is brought under the Illinois Gender Violence Act. Defendant argues that it cannot be sued under the Act because it is not a human being. This argument is directly contradicted by the Illinois Third District Appellate Court's answer to this exact certified question in *Gasic v. Marquette Mgmt., Inc.*, and it ignores decades of jurisprudence on corporate personhood. 2019 IL App (3d) 170756, ¶ 1. Accordingly, Defendant's motion should be denied.

Argument

The Illinois Gender Violence Act provides:

> Any person who has been subjected to gender-related violence … may bring a civil action for damages, injunctive relief, or other appropriate relief against a person or persons perpetrating that gender-related violence. . . "[P]erpetrating" means either personally committing the gender-related violence or personally encouraging or assisting the act or acts of gender-related violence.

740 ILCS 82/10. The Illinois legislature did not define the terms "Person" or "personally." 740 ILCS 82/5. "[T]he available legislative history does not speak to the question." *Flood v. Washington Square Rest., Inc.,* 2012 WL 6680345, at *2 (N.D. Ill. Dec. 21, 2012). [1]

In 2019, the Illinois Third District Appellate Court was presented with the certified question: "Can an entity be considered a 'person' committing acts 'personally' for purposes of liability under the Gender Violence Act?" *Gasic*, 2019 IL App (3d) 170756, at ¶ 1. The answer the Appellate Court gave was yes, that "under some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Id.* at ¶¶ 16, 19. The Illinois Supreme Court has not ruled on the issue.

Although a layperson might assume that the word "person" does not encompass corporations, this is not the law. The Illinois Statute on Statutes, which provides rules of statutory construction that "shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute" (5 ILCS 70/1), provides that "'[p]erson' or 'persons' as well as all words referring to or importing persons, may extend and be applied to bodies politic and corporate as well as individuals." *Gasic*, 2019 IL App (3d) 170756, at ¶ 11 (citing 5 ILCS 70/1.05). The Source for Section 1.05 is "Laws 1945." 5 ILCS 70/1.05. Therefore, Illinois lawyers have been on notice since 1945 that the word "person" can encompass cities, towns, corporations, etc.

As the Court in *Gasic* noted, the legal word "person" extends to corporations "unless the context, language or legislative history indicates otherwise." *Gasic*, 2019 IL App (3d) 170756, at ¶ 12 (citing *McCaleb v. Pizza Hut of Am., Inc.*, 28 F.Supp.2d 1043, 1049 (N.D. Ill. 1998) (finding that

---

[1] Judge Holderman ultimately held that the Act did not apply to corporations, but this holding is negated by *Gasic*, which was decided 7 years later.

"person" in the Illinois Hate Crimes Act applied to Pizza Hut) *and Real v. Kim*, 112 Ill. App. 3d 427, 437 (1983) (finding that the word "physician" included Northwestern Radiology Group because "the law regards corporations as artificial persons… and courts have frequently construed the term 'person' in constitutional and statutory provisions as encompassing both natural persons and corporations")).

After *Gasic* was decided,² some federal/district courts have allowed IGVA claims against entities to proceed, and some have not. *Compare Sheaffer v. Glendale Nissan, Inc.*, 2020 WL 70939, at *3 (N.D. Ill. Jan. 6, 2020) (Judge Ellis) ("a corporation's knowledge plus inaction doesn't state a claim for personally encouraging or assisting under the IGVA"); *Balderas v. Illinois Cent. R.R. Co.,* 2020 WL 5763576, at *2 (N.D. Ill. Sept. 28, 2020) (Judge Guzman) (same); *and Mundo v. City of Chicago*, 2021 WL 3367160, at *5 (N.D. Ill. Aug. 3, 2021) (Judge Lee) (predicting that the Illinois Supreme Court would not follow *Gasic*) *with Doe v. City of Chicago*, 2020 WL 1675639, at *4 (N.D. Ill. Apr. 6, 2020) (Judge Johnson Coleman) (allowing claim to proceed against City of Chicago); *Solinski v. Higher Learning Comm'n,* 2021 WL 1293841, at *4 (N.D. Ill. Apr. 7, 2021) (Judge Johnson Coleman) (refusing to dismiss claim against THLC, an entity that accredits degree-granting post-secondary educational institutions); *and Boeving v. City of Collinsville, Illinois*, 2021 WL 5906087, at *3 (S.D. Ill. Dec. 14, 2021) (refusing to dismiss claim against the City of Collinsville). In the case cited by Defendant, *Robinson v. FedEx Ground Package Sys., Inc.*, 2020 WL 586866 (N.D. Ill. Feb. 6, 2020) (Judge Lee), the Court did not even acknowledge the Illinois appellate court ruling in *Gasic,* so this case should be disregarded.

---

² A number of courts, both federal and state, issued opinions on the issue prior to *Gasic*, but Plaintiff believes these cases are no longer relevant after *Gasic*.

None of the cases that followed *Gasic* were reported. Accordingly, the controlling precedent on this issue comes from *Gasic*, in which the Court held only that "under some circumstances, a legal entity, such as a corporation, can act 'personally' for purposes of giving rise to civil liability under the Act." *Gasic,* 2019 IL App (3d) 170756, at ¶¶ 16, 19. The *Gasic* Court's reference to a "perfectly-worded complaint[3]" is not applicable in federal court, where only notice pleading is required. *See People ex rel. Madigan v. Tang,* 346 Ill.App.3d 277, 281 Ill.Dec. 875 (2004) (noting the difference between the federal notice-pleading standard and Illinois' fact-pleading standard and recognizing that the burden is heavier on a pleader under the latter standard).

In the present case, Plaintiff has alleged that she was sexually harassed for six weeks by a male resident of a home where she was working as a HomeCare Aide; that she told her supervisor and her supervisor's supervisor every time it happened; and that this harassment culminated in her suffering a violent sexual assault. (Plaintiff's Complaint, ECF Document #1-1, at pp.8-9, ¶¶ 2-19). Plaintiff should be afforded the opportunity to prove that Help at Home personally "encouraged" or personally "assisted" the act or acts of gender-related violence committed against her.

Conclusion

Plaintiff requests that this Court deny Defendant's Motion to Dismiss Count III and deny its request for attorney's fees, costs, expenses, and other "further relief."

---

[3] *Gasic*, 2019 IL App (3d) 170756, at ¶ 17.

/s/ Julie Herrera
Law Office of Julie O. Herrera
159 N. Sangamon St., Ste. 200
Chicago, IL 60607
Phone: 312-479-3014
Fax: 708-843-5802
jherrera@julieherreralaw.com

Dated: 3/8/22